UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 8:24-cr-00314-VMC-AAS

JESSIE T. TAYLOR
_____/

### SENTENCING MEMORANDUM

The Defendant, Jessie T. Taylor, by and through his attorney, pursuant to Fed. R. Crim. P. 32, submits his sentencing memorandum in support of a sentence somewhere between 120 and 180 months of incarceration followed by a reasonable term of supervised release with sex offender conditions to follow. Mr. Taylor asks this Court to pay careful consideration to the following *Booker* factors under 18 U.S.C. § 3553(a) in support of such a sentence: his history and characteristics; the nature and circumstances of the offense; and the need for the sentence imposed to reflect just punishment, respect for the law, adequate deterrence, and correctional treatment.

**I.   The history and characteristics of Mr. Taylor.**

Dr. Debra A. Goldsmith, a licensed clinical psychologist, performed a comprehensive psychological evaluation of Mr. Taylor, which is attached as Exhibit 1. Her report dives a little deeper into Mr. Taylor's past.

Mr. Taylor had a rough childhood growing up. He was born to a teen mother who couldn't care for him and was raised mostly by his grandparents in the Central Park Village projects. Ex. 1 at 2; Doc. 60 at ¶ 57. His father, a teenager himself, wasn't around much when he had him and left him when he was a child. Ex. 1 at 2; Doc. 60 at ¶ 56. Mr. Taylor's father was in and out of jail most of his life and is currently serving a state prison sentence for murder. *Id.*

Mr. Taylor experienced and witnessed all manners of trauma and violence from a young age. Ex. 1 at 2; Doc. 60 at ¶¶ 57, 58. He was physically abused by his mother's boyfriend from the age of seven until his teenage years. *Id.* The boyfriend also physically abused his mother, hitting her with switches and stabbing her on one occasion. *Id.* He developed a substance abuse problem from an early age—likely as a coping mechanism—starting at nine years old. Ex. 1 at Doc. 60 at ¶ 65. Then, at the age of fourteen, his grandmother passed away. Ex. 1 at 2; Doc. 60 at ¶ 57. He dropped out of school in the ninth grade, never to return. Ex. 1 at 1; Doc. 60 at ¶ 67.

Dr. Goldsmith diagnosed Mr. Taylor with, among other things, a mild intellectual disability, PTSD, bipolar disorder, anxiety, depression, and substance abuse disorders. Ex. 1 at 4–5. She recommends that he receive treatment while incarcerated and treatment in the community once he's released. *Id.* at 4. Mr.

Taylor is amenable to such treatment, and he expresses remorse and contrition for his actions.

## II. The nature and circumstances of the offense.

Make no mistake about it. The actions Mr. Taylor took by sex trafficking a seventeen year-old minor is reprehensible. Still, it's important to consider that he didn't use or threaten violence against the minor victim to commit these acts. It's also worth considering his candor, his full confession to law enforcement, and his acceptance of responsibility by pleading guilty to the offense, which has saved valuable judicial resources that are already stretched thin as it is.

## III. The need for the sentence imposed to reflect just punishment, respect for the law, adequate deterrence, and correctional treatment.

Mr. Taylor faces heavy penalties here. A ten-year minimum mandatory prison sentence all the way up to life in prison. Doc. 60 at ¶ 78. His advisory guideline range as calculated by the Office of Probation is between 292 to 365 months of incarceration. *Id.* at ¶ 79. If the Court were to accept his revised guideline calculation, he still faces stiff penalties: between 188 to 235 months in prison. *Id.* at 26. This would be pretty close to the sentence he's requesting, somewhere between 120 and 180 months of incarceration followed by a reasonable term of supervised release with sex offender conditions to follow.

This sentence would reflect just punishment for the offense, respect for the law, and adequate deterrence.

For the foregoing reasons and in accordance with the sentencing factors under 18 U.S.C. § 3553(a), the Court should sentence Mr. Taylor somewhere between 120 and 180 months of imprisonment followed by a reasonable term of supervised release with sex offender conditions to follow. This sentence would be sufficient but not greater than necessary to accomplish the statutory purposes of sentencing.

**A. FITZGERALD HALL, ESQ.**
**FEDERAL DEFENDER**

*/s/ Stephen Consuegra*
Assistant Federal Defender
Florida Bar No. 105816
400 N. Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
E-mail: Stephen_Consuegra@fd.org

## **CERTIFICATE OF SERVICE**

I HEARBY CERTIFY that on September 24, 2025, a true and correct copy of the foregoing was furnished by the CM/ECF system with the Clerk of the Court, which will send a notice of the electronic filing to the following:

AUSA Courtney Derry

                                      */s/ Stephen Consuegra*
                                      Stephen Consuegra, Esq.
                                      Assistant Federal Defender